IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 2:20-CV-991 |
| *Plaintiff*, ) | |
| ) | Judge John L. Badalamenti |
| v. ) | |
| ) | Magistrate Judge Nicolas P. Mizell |
| LIONEL PEQUENO and ) | |
| ALECIA GALLEGOS, ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

## UNITED STATES' MOTION FOR DEFAULT JUDGMENT

The United States respectfully moves for default judgment against Lionel Pequeno and Alecia Gallegos (the "Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2). The United States brought this action to reduce to judgment Lionel Pequeno's unpaid federal income tax liabilities for the 2008, 2010, 2011, and 2012 tax years, and for a declaratory judgment that the United States holds valid tax liens for those liabilities that are enforceable against property located at 410 F Road, LaBelle, Florida (the "Subject Property"). (Dkt. No. 1). The Defendants failed to appear, answer, plead, or otherwise defend this action, and the Clerk of Court entered default against them on April 21, 2021. (Dkt. Nos. 14, 15). Accordingly, the United States requests that the Court grant this motion and direct the Clerk to enter judgment against the Defendants and in favor of the United States for Lionel Pequeno's unpaid federal income taxes in the amount of $296,310.27, as of May 15, 2021, plus statutory interest arising thereon pursuant

to 26 U.S.C. §§ 6621, 6622. In support of this motion, the United States submits the attached Declarations of Revenue Officer Steven B. Sillars and Trial Attorney Forrest T. Young.

## MEMORANDUM OF LAW

### I. BACKGROUND

#### A. Procedural History

On December 18, 2020, the United States filed this action to reduce to judgment Lionel Pequeno's unpaid federal income tax liabilities for the 2008, 2010, 2011 and 2012 tax years (the "tax years at issue"), and for a declaratory judgment that the United States holds valid tax liens for those liabilities that are enforceable against the Subject Property. (Dkt. No. 1). The United States served Lionel Pequeno and Alecia Gallegos with a copy of the summons and complaint on January 23, 2021. (Dkt. Nos. 10, 11).

In accordance with Rule 12(a) of the Federal Rules of Civil Procedure, the Defendants had twenty-one days from the date they were served with the summons and complaint to file a responsive pleading. The Defendants failed to do so. As a result, the United States filed an application for entry of Clerk's default against the Defendants on March 8, 2021. (Dkt. No. 8). The United States submitted amended affidavits of service correcting clerical errors on the original affidavits of service, (*see* Dkt. Nos. 10, 11), and then filed a renewed application for Clerk's default on April 6, 2021 (Dkt. No. 12). The Clerk of Court entered default against the Defendants on April 21, 2021. (Dkt. Nos. 14, 15).

### B. Statement of Undisputed Facts

As alleged in the complaint, Lionel Pequeno filed individual federal income tax returns (Forms 1040) for tax years 2010, 2011, and 2012 late and reported tax due, but failed to pay the full tax reported. (Dkt. No. 1, ¶ 10). For tax year 2008, Defendant Pequeno filed an individual income tax return that reported no tax due. (*Id.*, ¶ 11). The Internal Revenue Service (the "Service") audited Pequeno's 2008 return and determined that he had underreported the tax owed for that year. (*Id.*, ¶ 12). A delegate of the Secretary of the Treasury then assessed tax, interest, and penalties against Pequeno for the tax years at issue on the dates and in the amounts set forth in the following table:

| TAX YEAR | ASSESSMENT DATE | AMOUNT | TYPE OF ASSESSMENT |
|---|---|---|---|
| 2008 | 12/20/2010 | $18,786.00 | ADDITIONAL TAX ASSESSED PER EXAM |
|  |  | $4,532.00 | ACCURACY-RELATED PENALTY |
|  |  | $1,892.48 | INTEREST |
|  | 7/18/2011 | $1,410.69 | LATE PAYMENT PENALTY |
|  | 7/16/2012 | $2,604.36 | LATE PAYMENT PENALTY |
| 2010 | 4/7/2014 | $57,431.00 | TAX PER RETURN |
|  |  | $1,229.00 | FAILURE TO PREPAY PENALTY |
|  |  | $12,892.95 | LATE FILING PENALTY |
|  |  | $10,314.36 | LATE PAYMENT PENALTY |
|  |  | $6,638.38 | INTEREST |
| 2011 | 3/10/2014 | $37,932.00 | TAX PER RETURN |
|  |  | $8,534.70 | LATE FILING PENALTY |
|  |  | $4,362.18 | LATE PAYMENT PENALTY |
|  |  | $2,724.57 | INTEREST |
| 2012 | 3/10/2014 | $26,470.00 | TAX PER RETURN |
|  |  | $474.00 | FAILURE TO PREPAY PENALTY |
|  |  | $4,763.70 | LATE FILING PENALTY |
|  |  | $1,455.57 | LATE PAYMENT PENALTY |
|  |  | $782.88 | INTEREST |

(*Id.*, ¶ 13; *see also* Sillars Decl. ¶ 5).

A delegate of the Secretary of the Treasury properly sent notices of the unpaid tax, penalties, and interest, and made demands for payment to Defendant Pequeno. (Dkt. No. 1, ¶ 14; Sillars Decl. ¶ 6). Despite these notices and demands for payment, Defendant Pequeno failed to pay his federal income tax liabilities in full. (Dkt. No. 1, ¶ 15; Sillars Decl. ¶ 6). As of May 15, 2021, Defendant Pequeno owed $296,310.27 on account of the assessments plus interest and statutory additions that continue to accrue. (Sillars Decl. ¶ 9; *see also* Sillars Decl. Exhibit 5).

### C. Statement Regarding Military Service and Competency

Lionel Pequeno and Alecia Gallegos are not in the military service or detailed to any branch of the armed forces of the United States. (Young Decl. ¶ 2). In addition, Defendant Pequeno is neither a minor nor an incompetent person. (Sillars Decl. ¶ 10).

## II. ARGUMENT

The well-pleaded allegations of the complaint and the Declaration of Revenue Officer Sillars establish that Lionel Pequeno is liable for unpaid income tax, penalties, and interest for the years at issue in the amount of $296,310.27, as of May 15, 2021, plus statutory interest pursuant to 26 U.S.C. §§ 6621, 6622 until paid. Accordingly, default judgment should be entered in favor of the United States and against Lionel Pequeno for his unpaid income tax liabilities for the tax years at issue, and the Court should issue a declaratory judgment acknowledging

that the federal tax liens attach to the Subject Property and are enforceable by the United States.

This Court may enter default judgment "against a defendant who never appears or answers a complaint, for in such circumstances the case has never been placed at issue." *Solaroll Shade and Shutter Corp., Inc., v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986). If the well-pleaded allegations establish the defaulted defendant's liability, the Court may enter a default judgment in favor of the plaintiff and against the defaulted defendant. Fed. R. Civ. P. 55(b). If the "claim is for a sum certain or a sum that can be made certain by computation, the clerk . . . must enter judgment for that amount . . . against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1).

### A. The Court Should Reduce Pequeno's Unpaid Tax Liabilities to Judgment.

To reduce a tax assessment to judgment, the United States must show that the assessment was properly made. *United States v. White*, 466 F.3d 1241, 1248 (11th Cir. 2006). The United States makes a prima facie showing that the IRS properly made an assessment through the submission of a certified Certificate of Assessments, Payments, and Other Specified Matters ("Form 4340"). *Id.*; *see also United States v. Stein*, 881 F.3d 853, 855 (11th Cir. 2018) (citing *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002)). A taxpayer has the burden of overcoming the presumption of correctness by proving that the method of

computing the tax, and therefore the assessment, is arbitrary and without foundation. *Olster v. Comm'r*, 751 F.2d 1174 (11th Cir. 1985) (citing *Mersel v. United States*, 420 F.2d 517, 520 (5th Cir. 1969)). Where the taxpayer produces no evidence to counter the presumption, the court is satisfied that the government has established that the claimed tax liability was properly assessed against the taxpayer. *United States v. Chila*, 871 F. 2d 1015, 1018 (11th Cir. 1985).

Here, the Defendants have failed to plead or defend this action, and the Clerk has entered default against them. (Dkt. Nos. 14, 15). Consequently, the Defendants are deemed to have admitted the well-pleaded allegations in the complaint. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). The allegations set forth in the complaint demonstrate that Lionel Pequeno is liable for the taxes assessed against him, and that the federal tax liens are valid and enforceable against the Subject Property.

As alleged in the complaint, a delegate of the Secretary of the Treasury assessed federal income tax, penalties, and interest against Defendant Pequeno for the tax years at issue. (Dkt. No. 1 ¶ 13; Sillars Decl. ¶ 5). The United States has submitted the Declaration of Revenue Officer Sillars and Forms 4340 as prima facie evidence of the validity of those assessments. *See White*, 466 F.3d at 1248-49 (noting that the Government's submission of Forms 4340 establishes a presumption that tax assessments by the IRS were properly made). The IRS gave Lionel Pequeno notice of the assessments against him and made demands for payment as required by law, but Lionel Pequeno has failed to pay in full the

assessments against him. (Sillars Decl. ¶ 6). As of May 15, 2021, Lionel Pequeno owes $296,310.27 for unpaid tax, penalties, and interest for the years at issue. (Sillars Decl. ¶ 9). Because Lionel Pequeno has not appeared in this action to rebut the presumption that the assessments against him are correct, judgment should now be entered against Lionel Pequeno in that amount, plus interest until paid. *See generally United States v. Bourger*, No. 2:09-CV-709, 2011 WL 1261251 (M.D. Fla. Apr. 5, 2011) (reducing federal income taxes to judgment where the defendants were in default).

### B. The Court Should Grant Declaratory Judgment that the United States' Tax Liens Against Lionel Pequeno are Enforceable Against the Subject Property.

A taxpayer's failure to pay taxes following notice of an assessment and demand for payment results in a federal tax lien against "all property and rights to property, whether real or personal, belonging to such [taxpayer]." *See* 26 U.S.C. § 6321. The lien arises automatically upon assessment of a tax liability and continues until the lien is satisfied or becomes unenforceable after a lapse of time. 26 U.S.C. §§ 6321, 6322; *United States v. McDermott*, 507 U.S. 447, 452–55 (1993). Section 6321's "statutory language 'all property rights and rights to property,' . . . is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." *See United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 720 (1985).

As alleged in the complaint, Lionel Pequeno acquired the Subject Property in 2010. (Dkt. No. 1 ¶ 17). Thereafter, a delegate of the Secretary of the Treasury

filed Notices of Federal Tax Liens in the public records of Hendry County, Florida against Defendant Pequeno for his unpaid federal income tax liabilities of tax years 2008, 2010, 2011, and 2012. (Dkt. No. 1 ¶ 20). On or about January 5, 2015, Lionel Pequeno transferred title to the Subject Property to Alecia Gallegos by quit claim deed for no or inadequate consideration, as recorded in the Public Records of Henry County at Book 886, Page 1305. (Dkt. No. 1 ¶ 21; Sillars Decl. ¶ 11).

Generally, the transfer of property subject to a tax lien under 26 U.S.C. § 6321 is made subject to the tax lien. *See United States v. Bess*, 357 U.S. 51, 57 (1958) ("The transfer of property subsequent to the attachment of the lien does not affect the lien, for it is the very nature and essence of a lien, that no matter into whose hands the property goes, it passes cum onere."); *see also United States v. Domenico*, No. 8:09-CV-1282, 2010 WL 3029019, at *2 (M.D. Fla. Apr. 29, 2010) ("Once a federal tax lien attaches to property belonging to a taxpayer, it follows that property into the hands of any transferee"). In order to defeat the federal tax lien, defendant would have had to achieve the status of "purchaser" as that term is defined by the Internal Revenue Code, but the lack of adequate and full consideration supporting the transfer prevents the defendant from obtaining this status. 26 U.S.C. § 6323(a) and (h)(6).

Because Lionel Pequeno's transfer to Alecia Gallegos was not supported by adequate consideration, the Subject Property remains encumbered by the tax liens. Accordingly, the complaint establishes that Lionel Pequeno owned the Subject Property exclusively when the tax assessments were made, and that he

transferred title to Alecia Gallegos thereafter without adequate consideration. Accordingly, the tax liens followed the Subject Property from Lionel Pequeno, as transferor, to Alecia Gallegos, as transferee.

Therefore, the United States has established that federal tax liens against Lionel Pequeno arose upon assessment of those federal income tax liabilities by the IRS and attached to the Subject Property. The Subject Property remains encumbered by the federal tax liens despite Lionel Pequeno's transfer of the property to Alecia Gallegos for inadequate consideration. The Subject Property remains encumbered by the federal tax liens against Lionel Pequeno and those liens can be enforced against the Subject Property under section 7403 of the Internal Revenue Code.[1] *See, e.g.*, *United States v. Swartout*, 93 F. Supp. 3d 1377, 1379 (S.D. Fla. 2018) (noting that tax liens assessed prior to the transfer of title remain enforceable against the transferred property unless the transfer was for adequate consideration).

### III. CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court grant this motion for default judgment and direct the Clerk of Court to enter default judgment against Lionel Pequeno and Alecia Gallegos. The Clerk can determine the amount of Pequeno's unpaid tax liabilities for the years at issue to be the amount established by the United States through the Declaration

---

[1] The United States is not seeking to enforce the liens against the property, a residence, at this time.

of Revenue Officer Steven Sillars. Accordingly, the United States requests the Court enter an order: (1) granting judgment against Lionel Pequeno in the amount of $296,310.27, as of May 15, 2021, plus statutory interest pursuant to 26 U.S.C. §§ 6621, 6622 until paid; and (2) declaring that the federal tax liens against Lionel Pequeno for the tax years at issue remain valid and enforceable against the Subject Property.

Dated: May 19, 2021

Respectfully submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General

*/s/ Forrest T. Young*
FORREST T. YOUNG
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
(t) 202-353-1978
(f) 202-514-4963
Forrest.T.Young@usdoj.gov

*Of Counsel*:

KARIN HOPPMANN
Acting United States Attorney

## CERTIFICATE OF SERVICE

      I hereby certify that on May 19, 2021, the foregoing Motion for Default Judgment was filed with the Middle District of Florida ECF/CM system and was sent by U.S. Mail, postage prepaid, to:

Lionel Pequeno
410 F Road
LaBelle, FL 33935

Alecia Gallegos
410 F Road
LaBelle, FL 33935

                                      /s/ *Forrest T. Young*
                                      Forrest T. Young
                                      Trial Attorney, Tax Division
                                      U.S. Department of Justice